UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| UNITED STATES OF AMERICA | |
|---|---|
| v. | No. 11 CR 517 |
| OLLIE PETERSON | Judge James B. Zagel |

# MEMORANDUM OPINION AND ORDER

On 25 May 2012 I imposed a 14 year sentence along with a period of supervised release on Ollie Peterson. Mr. Peterson has now moved for the Court to release the Court's version of the probation officer's Pre-Sentence Report for purposes of Mr. Peterson's appeal. For the reasons that follow, that motion is denied.

## BACKGROUND

Mr. Peterson pled guilty to one count of bank robbery. There was no plea agreement, and Mr. Peterson had a lengthy criminal history. In the course of the sentencing hearing I quoted from the Pre-sentence Report prepared by the probation officer.

The Court:

In the probation officer's report, she made an observation, and based on the papers before me I think it's quite right…I will begin with [line] 527, quote:

"…in imposing a sentence, the Court must also consider the defendant's personal history and characteristics. What is extraordinarily troublesome in this regard is the defendant Peterson's history [which] is quite different than the typical career offender. He was reared in a loving home, albeit without a father, in a middle-class neighborhood. According to his mother, the defendant was a compliant child throughout high school, he was active on the football team. Aside from the relatively common experimentation with alcohol and marijuana, the defendant refrained from harsher drug use until his late 20's. On the one hand, the first half of the defendant's life was positive, and this could be viewed as a mitigating factor."

1

This passage appears in the sentencing recommendation portion of the report, a section that is not included in the report given to counsel for either side or the defendant.

**DISCUSSION**

Defense counsel have, from time to time, urged the judges to release the recommendation portion to the lawyers and the client. The rules do not support the notion that counsel in the case and the defendant are entitled as a matter of right to see the probation officer's recommendation. Fed.R.Crim.P. Rule 32 (e)(3) provides that "the court may direct the probation officer not to disclose to anyone other than the court the officer's recommendation on the sentence." Further, our local rule provides that "[t]he recommendation of the presentence report shall be submitted only to the Court. The recommendation section shall not include any factual information not already contained in the other sections of the report."[1] LCrR 32.1(f).

There are districts that do not restrict disclosure. Even the local rule does not foreclose a judge from releasing the recommendation in a particular case. The general rule is that the recommendation should be confidential. The Court of Appeals held that undisclosed recommendations are constitutional (assuming that there are no hitherto undisclosed facts in the recommendation). *United States v. Heilprin,* 910 F.2d 471 (7th Cir. 1990).[2]

---

[1] The committee comment noted that the Court was amending the prior rule which simply said that the report was to be produced "without the recommendation." This prior wording was used simply because prior practice of every district court in this Circuit treated the recommendation as confidential. The wording, standing alone, led to uncertainty over continuing confidentiality and the current rule was designed to remove "whatever doubt about confidentiality may have arisen from a 2002 amendment of the local rule.

[2] There are sources of undisclosed advice and recommendations on sentencing (and other matters as well) that are widely accepted. Like the law clerks who serve the court, the probation officers are supervised by the courts and a judge who seeks advice from law clerks need not disclose it. For years courts have had informal sentencing councils where several judges voluntarily read probation reports of cases not assigned to them. These judges offer advice and recommendations to any judge who seeks their assistance. None of these sources of advice or the advice itself needs to be disclosed. In United States v. Johnson, 935 F.2d 47 (4th Cir. 1991), the Court upheld the action of a judge meeting alone with the probation officer, acting as an agent of the court, to gain information.

The probation officer, like the law clerk and the fellow judge, is not an advocate but a confidential advisor or agent of the court. To require routine disclosure of what they might counsel could chill the ability of the sentencing judge to receive candid advice in difficult or controversial cases.

In any event, the defense counsel here received <u>everything</u> the probation officer had to say about the upbringing of Peterson and his criminal history. None of the facts mentioned in that quoted passage were omitted from the other portions of the report that defense counsel did receive. I recited the passage verbatim and defense counsel made no objection or suggestion that there was anything more in the comment than opinion drawn from facts which were fully revealed. I quoted the relevant passage in full so that defense counsel could raise questions before I imposed sentence. Defense counsel was not left in the dark as far as this opinion was concerned and, as I have in the past, I put the relevant passage into the record in the exercise of my discretion. The passage is found at pages 14-15 in the sentencing transcript and sentence was not imposed immediately after my recitation. The sentence imposition begins at the bottom of page 18 of the transcript. This case, in my view, is not an appropriate vehicle to challenge the validity of *United States v. Heilprin.*

## CONCLUSION

For the foregoing reasons, Defendant's motion to release the Court's copy of the Pre-Sentence Report is denied.

ENTER:

*James B. Zagel*

James B. Zagel

United States District Judge


DATE: October 18, 2012